**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BRADLEY S. RHODES, | ) | Case No. 05-51272 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| JOHN P. FERRIS and | ) | |
| STEVEN M. ZAPILER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary No. 08-4008 |
| | ) | |
| BRADLEY S. RHODES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

On January 15, 2008, Plaintiffs John P. Ferris and Steven M. Zapiler initiated this adversary proceeding to obtain a determination that the debts owed to them by the Debtor-Defendant, Bradley S. Rhodes, are nondischargeable under § 523(a)(2)(A) and (a)(4) of the Bankruptcy Code. The debts at issue here relate to the dissolution of the law firm of Zapiler, Ferris & Rhodes, LLC, that was formed by the parties and was once managed by the Debtor. The Debtor answered the Plaintiffs' complaint and lodged a counterclaim requesting "a detailed accounting of the cases that existed from June 2004 to the present." In response, the Plaintiffs filed a motion to dismiss the Debtor's counterclaim, arguing, *inter alia*, that (1) he does not have standing to assert a counterclaim because that claim constitutes property of the Debtor's bankruptcy estate, and the Chapter 7 trustee, Janice Stanton ("Trustee"), has sole standing to pursue such a claim, and (2) the counterclaim is barred under the doctrine of *res judicata* by an "Arbitration Award" resolving all of the disputes between the parties related to the dissolution of the law firm.

Because this matter comes to the Court on a motion to dismiss, the Court will not consider documents outside the pleadings – namely, the Arbitration Award – especially since it was not part

of the record until the Plaintiffs attached it to their reply brief.[1] The pleadings do, however, support a finding that the Debtor lacks standing to pursue his counterclaim.[2]

Section 541 of the Bankruptcy Code provides that the filing of a bankruptcy petition creates an estate that contains all property in which the debtor holds any legal or equitable interest:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
> (1) Except as provided in subsection (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.[3]

The Debtor filed his bankruptcy petition on August 26, 2005. Therefore, any rights the Debtor had prior to that date would be property of the estate.

The Debtor maintains he has the standing to assert the (alleged) right to an accounting of the law firm's cases that existed from June 2004 to the present. Although that right, as stated, appears to touch on events that occurred after the petition date, it is "sufficiently rooted in the pre-bankruptcy past" so as to make it property of the estate.[4] The law firm was dissolved in June 2003, and the dissolution agreement that lies at the root of the Debtor's claimed right to an accounting was executed on June 30, 2003. Therefore, that right is property of the estate, and the only person with standing to assert it is the Trustee.

The Debtor's suggestion that he has standing to pursue this counterclaim because the Trustee can intervene if the accounting reveals assets worth pursuing misses the mark. The Trustee has plenary authority to determine whether an asset is worth pursuing. If the Debtor believes that the

---

[1] The Court could have considered the Arbitration Agreement if the Plaintiffs had filed a motion for summary judgment. Nevertheless, the pleadings in this case suggest that the Arbitration Award likely precludes the Defendant's counterclaim.

[2] As is appropriate in considering a motion to dismiss, the Court accepts as true all of the factual allegations in the non-movant's pleadings as well as the reasonable inferences that can be drawn from them. *See Davis v. Monroe Cty. Bd. Of Educ.,* 526 U.S. 629, 633, 119 S . Ct. 1661, 1666, 143 L.Ed.2d 839 (1999).

[3] 11 U.S.C. § 541(a)(1).

[4] *Segal v. Rochelle*, 382 U.S. 375, 380, 86 S.Ct. 511, 515, 15 L.Ed.2d 428 (1966) (After-acquired property may be considered part of the bankruptcy estate if it is "sufficiently rooted in the pre-bankruptcy past and so little entangled in the debtor's ability to make a fresh start that it should not be excluded from property of the estate.").

Trustee is unreasonably refusing to pursue a valuable asset, he has the option of filing a motion requesting the Trustee to abandon the right to pursue that asset. But until the Trustee does so, the Debtor does not have standing to assert a legal or equitable right belonging to the estate.

Therefore, for the reasons stated herein, the Court grants the Plaintiffs' motion to dismiss the Defendant's counterclaim.

**SO ORDERED** this 30th day of April 2008.

                                            /s/   Jerry W. Venters
                                            United States Bankruptcy Judge

A copy of the foregoing mailed electronically or
conventionally to:
Bruce E. Strauss
Erlene W. Krigel