# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BRADLEY S. RHODES, | ) | Case No. 05-51272 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| JOHN P. FERRIS and STEVEN M ZAPILER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Adv. Case No. 08-4008 |
| | ) | |
| BRADLEY S. RHODES, | ) | |
| | ) | |
| Debtor-Defendant. | ) | |

## MEMORANDUM OPINION

The question presently before the Court is whether an arbitration award, entered after the automatic stay of the Bankruptcy Code was lifted but without the participation of the Chapter 7 Debtor, should be given collateral estoppel effect in this Court so as to deny the Debtor a discharge of the $138,139.72 debt determined by the arbiter.

On May 9, 2007, the Plaintiffs obtained an arbitration award ("Award") against the Debtor in the State of Colorado. They were awarded $138,139.72 in damages based on the Debtor's fraud and breaches of fiduciary duty. Counts I and III of the Plaintiffs' complaint in this adversary proceeding seek a determination that this debt is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and (a)(4). The Plaintiffs have filed a motion for partial summary judgment, seeking a judgment as a matter of law on these two counts based on the application of the collateral estoppel doctrine to the Award.

For the reasons stated below, the Court finds that the arbitration award is entitled to collateral estoppel effect and that the $138,139.72 debt the Plaintiffs are owed as a result of the Debtor's conduct is nondischargeable under §§ 523(a)(2)(A) and (a)(4).

1

**STANDARD OF REVIEW**

Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[1]

**BACKGROUND**

The Court's determination that the Award is entitled to collateral estoppel effect largely obviates the need for a detailed discussion of the Debtor's fraudulent conduct. Accordingly, the Court limits its discussion to a recitation of the uncontroverted facts leading up to and surrounding the Award.

On January 2, 2000, the Plaintiffs, Steven M. Zapiler, John P. Ferris, and the Debtor, Bradley S. Rhodes, formed the Colorado law firm of Zapiler, Ferris, and Rhodes, L.L.C. (the "Firm"). However, in June 2003, the parties entered into a "Dissociation Agreement" ("Agreement") to dissolve the Firm. The Agreement provided, *inter alia*, that any dispute arising, directly or indirectly, from the Agreement "shall be submitted, first, to mediation, and if mediation is unsuccessful, to binding arbitration before the Judicial Arbiter Group, 1600 Blake Street, Denver, Colorado. . . . *The decision of the arbiter shall be final, binding and non-appealable.*"[2]

Subsequently, the Plaintiffs determined that, in their view, the Debtor had breached fiduciary duties and committed various acts of fraud related to the execution and implementation of the Agreement.

On August 26, 2005, the Debtor filed a Chapter 7 bankruptcy petition in this Court. Approximately one year later, on September 14, 2006, the Plaintiffs moved for relief from the automatic stay to proceed with arbitration against the Debtor in Colorado as provided in the Agreement. The Court granted the Plaintiffs' motion, over the Debtor's objection, on October 5, 2006. The Debtors' attorney of record at that time, Jeannie Bobrink, was electronically served with a copy of the Court's order granting the Plaintiffs' motion.

On November 3, 2006, the Debtor was served, directly and through Ms. Bobrink, with the

---

[1] Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; *Williams v. Marlar* (*In re Marlar*), 252 B.R. 743, 750 (B.A.P. 8th Cir. 2000).

[2] Emphasis added. The parties' statements of undisputed facts are silent as to whether the parties ever attempted to mediate their dispute, but the Plaintiff has not challenged the Arbitration Award on that ground; hence, any such argument is deemed to have been waived.

Plaintiffs' request to arbitrate. The Debtor did not respond to that notice, or, apparently, to any other notice or pleading in the arbitration. Consequently, on March 26, 2007, the Plaintiffs filed a Motion for Entry of Default Judgment in the arbitration. This motion, as well as notice of the arbitration hearing scheduled for May 9, 2007, was served on the Debtor and Ms. Bobrink.

The arbitration hearing went forward on May 9, 2007. The Debtor did not appear. The arbiter, the Honorable Dan Hale ("Arbiter"),[3] received testimony and evidence from the Plaintiffs. On May 10, 2007, the Arbiter issued an arbitration award which contained detailed findings of fact and conclusions of law and ultimately held, *inter alia*, that the Plaintiffs had suffered $138,139.72 in damages as a result of the Debtor's fraud and breaches of fiduciary duty. Notably, the Arbiter did not rule in favor of the Plaintiffs on all of their claims against the Debtor. The Award was sent to the Debtor and Ms. Bobrink.

On January 15, 2008, the Plaintiffs initiated the adversary proceeding in which this motion for summary judgment arises.

## DISCUSSION

**1.    The Preclusive Effect of the Award is Governed by Federal Law.**

The first step in the Court's analysis is to determine the law governing the preclusive effect of the Award. The parties have urged the Court to consider state law – the Debtor argues that Missouri law applies, and the Plaintiffs argue that the result is the same under either Missouri or Colorado law. Neither party has urged the application of federal law. If the Award had been confirmed by a state court, one (or both) of the parties would have been correct; under the full faith and credit clause of the United States Constitution, this Court would have been bound to give collateral estoppel effect to the Award to the same extent a court confirming the award would have

---

[3] Judge Hale served on the Colorado District Court from 1996 to 2006.

given it.[4] But the arbitration award at issue in this case has not been confirmed by a state or federal court. Consequently, federal common-law principles govern the preclusive effect of the Award.[5]

The test to determine whether an arbitration award is entitled to collateral estoppel effect is the same as the test applied to federal court judgments, but with the additional requirement that the federal interest or right or interest at stake must not militate against giving preclusive effect to the Award.[6]

The federal interest at stake here – the discharge of a debtor's debts and the resulting fresh start – is significant, but it does not rise to the level of interest requiring protection from the principles of collateral estoppel.[7] The Supreme Court has ruled that collateral estoppel may be applied to establish the factual basis for nondischargeability actions commenced under § 523(a),[8] and all but one court (with which this Court respectfully disagrees) considering this issue have found that this principle is no less applicable with regard to arbitration awards.[9] Accordingly, the Court will accord collateral estoppel effect to the Award made by the Arbiter and will apply the standard test to determine the collateral estoppel effect of the Award.

### 2.    The Arbitration Award Satisfies all of the Elements Necessary for Collateral Estoppel.

---

[4] U.S. Const. art. IV, § 1; 28 U.S.C. § 1783. *See also*, *Beatus v. Gebbia*, 4 F.Supp.2d 256, 259 (S.D. N.Y. 1998); 6 Bruner & O'Connor Construction Law, *Arbitration* § 20:95 (2008).

[5] *Dean Witter Reynolds, Inc., v. Byrd*, 470 U.S. 213, 223-25, 105 S.Ct. 1238, 1244, 84 L.Ed.2d 158 (1985). *See also*, *Swanson v. Tam* (*In re Tam*), 136 B.R. 281, 284-85 (Bankr. D. Kan. 1992).

[6] *Dean Witter Reynolds, Inc.,* 470 U.S. at 223-25.

[7] *See Tower Oak, Inc. v. Selmonosky* (*In re Selmonosky*), 204 B.R. 820, 825 (Bankr. N.D. Ga. 1996) ("[T]he federal interest concerned, though significant, does not rise to the level of a constitutional right which could well prohibit applicability of such preclusive effect.") (citing *Grogan V. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)).

[8] *Grogan v. Garner*, 498 U.S. at 284-85.

[9] *Compare Barigian v. Sixteen Twenty Eight Bellevue Ltd. P'ship*, 72 B.R. 407, 410 (Bankr. C.D. Cal. 1987) (holding that arbitration awards are not entitled to collateral estoppel effect in dischargeability proceedings), *with O'Brien v. Zangara*, 217 B.R. 26, 32 (Bankr. E.D. N.Y. 1998) (rejecting *Barigian* and holding that arbitration awards are generally entitled to collateral estoppel effect in dischargeability proceedings); *In re Selmonosky*, 204 at 825 (same); *Norrell Health Care, Inc. v Clayton* (*In re Clayton*), 168 B.R. 700, 705 (Bankr. N.D. Cal. 1994) (same); *and In re Tam*, 136 B.R. at 285 (same).

In the Eighth Circuit, a prior judgment is entitled to collateral estoppel effect if : (1) the issue sought to be precluded is identical to the issue previously decided; (2) the prior action resulted in a final adjudication on the merits; (3) the party sought to be estopped was either a party to, or in privity with, a party to the prior action; and (4) the party sought to be estopped was given a full and fair opportunity to be heard on the issue in the prior action.[10]  The Court addresses each of these elements in turn.

    a.    **The issues sought to be precluded in Counts I and III are identical to issues decided in the Award.**

Count I seeks a determination of nondischargeability under § 523(a)(2)(A), and Count III seeks a nondischargeability determination under § 523(a)(4). To obtain a denial of discharge for a debt arising from fraud pursuant to § 523(a)(2)(A), a plaintiff must establish, by a preponderance of the evidence, that (1) the debtor made a false representation; (2) at the time the representation was made the debtor knew it was false; (3) the debtor subjectively intended to deceive the creditor at the time he made the representation; (4) the creditor justifiably relied upon the representation; and (5) the creditor was damaged.[11]  To obtain a denial of discharge for a debt arising from a breach of fiduciary duty under § 523(a)(4), a plaintiff must establish, by a preponderance of the evidence, that (1) the debtor owed an express fiduciary duty to the plaintiff and (2) that the fraud or defalcation occurred while the debtor was acting in his fiduciary capacity.[12]

The Debtor has not contested, and the Court indeed finds, that the Award contains all of these findings.

    b.    **The arbitration resulted in a final adjudication on the merits.**

The Debtor strenuously argues that the Award does not constitute a judgment on the merits because it was a "default" judgment, which would not be entitled to collateral estoppel effect under Missouri law.  While the Debtor is correct that, generally, default judgments are not entitled to

---

[10] *See Olsen v. Mukasey*, 541 F.3d 827, 830-31 (8th Cir. 2008).

[11] *In re Eccles*, 393 B.R. 845, 851 (Bankr. W.D. Mo. 2008).

[12] *In re Lewis,* 359 B.R. 732, 737 (Bankr. E.D. Mo. 2007).

collateral estoppel effect under Missouri law or, as is actually applicable here, federal law, there are several impediments to the application of that general proposition here.

First and foremost, the Court finds that the Debtor waived any objection to the finality and the binding effect of the Award when he signed the Dissociation Agreement, which explicitly provided that "[t]he decision of the arbiter shall be final, binding and non-appealable." The Debtor received the benefits of the Dissociation Agreement, including cash payments from the Plaintiffs; he cannot now disavow the acknowledgments and promises he made to obtain those benefits simply because they have become onerous or inconvenient.

Second, the Debtor's contention that he should not be bound by the Award is not well taken in light of this Court's prior ruling modifying the automatic stay of 11 U.S.C. § 362 to permit the arbitration in Colorado to go forward. When the Court entered that order, the Debtor should have anticipated that the Court intended for the dispute between the parties to be resolved in the arbitration and that the Court would respect (*i.e.*, give full collateral estoppel effect) to that resolution. There is no other logical reason for this Court to have granted relief to allow the arbitration to proceed. The Debtor ignored the Colorado arbitration proceedings at his peril.

Finally, the Plaintiffs argue, and the Court agrees, that the bar to the application of collateral estoppel to default judgments does not apply under these particular circumstances. In contrast to a generic default judgment, which is based on deemed admissions of fact and waivers of argument as a result of a defendant's failure to appear or otherwise defend an action,[13] the Arbiter here conducted a hearing at which the Plaintiffs gave sworn testimony and introduced evidence. He then made specific findings of fact and conclusions of law. Based on those findings and conclusions, the Arbiter granted some, but not all, of the relief sought by the Plaintiffs. The fact that the Plaintiffs denominated their request as a motion for default judgment does not change this conclusion because the Arbiter heard the matter and ruled the matter on its merits.

Therefore, the Court finds that the Award constitutes a final judgment on the merits.

    **c.**    **The Debtor was a party to the prior action.**

---

[13] *See State ex rel. Brooks Erection & Const. Co. v. Gaertner*, 639 S.W.2d 848, 849-50 (Mo. Ct. App. 1982) (In a default proceeding, "[a]ll claims are admitted by the default with the exception of unliquidated damages. . . . No issue between the parties is tried.").

6

The Debtor does not contest, and the Court indeed finds, that this element has been met.

### d.   The Debtor was given a full and fair opportunity to be heard on the issue in the prior action.

The Court finds that this element has been met for substantially the same reasons the Court cites for its ruling that the arbitration resulted in a final adjudication on the merits. By signing the Dissociation Agreement, the Debtor waived his right to contest the finality of the Award or its binding effect. And when the Court modified the automatic stay to permit the arbitration to proceed in Colorado, the Debtor knew that the arbitration would go forward and that this Court intended to respect the results of the arbitration.

Furthermore, the Debtor's argument that he lacked a full and fair opportunity to defend the arbitration because he lacked the resources to defend himself is misguided. The "full and fair opportunity" requirement for collateral estoppel is not determined by the defendant's *ability* to defend himself in a prior action; rather, it is determined by the "procedural, substantive, or evidentiary" opportunities available in the prior action.[14] It is, essentially, a due process requirement.[15] The undisputed facts in this case indicate that the Debtor was afforded due process in the arbitration. He had ample notice of the arbitration, and, as a licensed attorney, he could have represented himself in the arbitration, just as the Plaintiffs did. The fact that he chose not to use his limited resources to defend himself has no bearing on the due process requirements of the arbitration.

In sum, the Court finds that the Debtor had a full and fair opportunity to appear and be heard in the arbitration proceeding.

## CONCLUSION

For the reasons stated above, the Court finds that the Arbitration Award is entitled to collateral estoppel effect under federal law. Consequently, the $138,139.72 debt arising from the Arbitration Award entered in favor of the Plaintiffs and against the Debtor on May 10, 2007, is, as

---

[14] *Butler v. City of North Little Rock, Ark.*, 980 F.2d 501, 504 (8th Cir. 1992).

[15] *Id.* at 503.

a matter of law, nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and (a)(4), and the Plaintiffs are entitled to summary judgment on Counts I and III of their complaint.

A separate order consistent with this Memorandum Opinion will be entered pursuant to Fed. R. Bankr. P. 9021.

**ENTERED** this 12th day of November 2008.

                                                         /s/   Jerry W. Venters
                                                   United States Bankruptcy Judge

A copy of the foregoing mailed electronically or conventionally to:
Bruce E. Strauss
Erlene W. Krigel